**Billy Charles GRAHAM, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 37757.

Court of Criminal Appeals of Texas.

Feb. 24, 1965.

———◆———

Charles R. Wheeler, Fort Worth, for appellant.

Doug Crouch, Dist. Atty., Grady Hight and R. J. Adcock, Asst. Dist. Attys., Fort Worth, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Presiding Judge.

The offense is burglary, with a prior conviction for a like offense alleged for enhancement under Article 62, Vernon's Ann. P.C.; the punishment, 12 years' confinement in the State penitentiary.

The State's evidence reflects that on the 16th day of January, 1964, the defendant, Billy Charles Graham, was arrested by Officer Noel Davis of the White Settlement police department inside the business house of T. J. Lawler, located at 8185 White Settlement Road, Tarrant County, Texas. Investigation of the premises revealed that forcible entry had been made by breaking a padlock and an inside locking mechanism of the front door of the business house. The knob from the safe had been knocked, a cash register pried open, and a stamp dispensing machine had been smashed inside the premises. In searching the appellant, Billy Charles Graham, the majority of $535.-00 was found, and a crow bar, screwdriver, hammer and chisel were found in the vicinity of the safe and broken stamp machine. The prior conviction of burglary count of the indictment was established by fingerprint comparison of the appellant with records from the Texas Department of Corrections and the appellant's own admission. The appellant introduced into evidence a letter from Dr. Barnard J. Dolenz, a specialist in neuropsychiatry, pertaining to his plea of insanity. Examination of Dr. Dolenz's report reveals that he had examined the appellant, conducting a skull series and an EEG, both awake and sleeping. His conclusions were that the appellant was responsible for his actions and for his activities. The appellant testified himself as to his insanity and stated that he remembered specifically the committing of the offense and being arrested by the officer. His chief statement as to his insanity was, "because I was always getting into trouble."

The court charged the jury as to the issues, and a verdict of guilty as charged in the indictment was returned by the jury. The jury also found him now sane.

Appellant's court-appointed counsel on appeal has filed a brief which exemplifies counsel's diligence and sincerity. Appellant has also filed a brief in his own behalf. Neither brief directs our attention to any reversible error, nor does it raise an issue worthy of discussion. We have carefully examined the entire record and read with great care both briefs filed in appellant's behalf. We feel that appellant received a fair trial.

We find the evidence sufficient to sustain the verdict. Finding no reversible errors, the judgment is affirmed.